**Abel de Jesus RAMIREZ– POSADA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–74628.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 7, 2009.

Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffrey L. Menkin, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Abel de Jesus Ramirez–Posada, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reconsider an order denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The BIA did not abuse its discretion in denying Ramirez–Posada's motion to reconsider for failure to establish prima facie eligibility for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA") where he did not demonstrate compliance with the requisite filing deadlines. *See* NACARA, Pub.L. 105–100, § 203, 111 Stat. 2160, 2196–99 (1997); *see also Albillo–De Leon v. Gonzales,* 410 F.3d

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1090, 1093 (9th Cir.2005) ("A motion to reopen will not be granted unless an alien can demonstrate prima facie eligiblity for relief under NACARA.").

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.